IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ALVIN BATEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:11-CV-127(MTT) |
| | ) |
| SUMMIT LOGISTICS SERVICES, INC., | ) |
| LANDAIR TRANSPORT, INC., and | ) |
| GREAT WEST CASUALTY CO., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

Before the Court is Non-Party Grant Blankenship's Motion to Quash the Subpoena seeking Blankenship's deposition. (Doc. 68). For the following reasons, the Motion is **GRANTED**.

Grant Blankenship, a staff photograph with *The Telegraph,* was assigned to cover the accident that gives rise to this action. (Doc. 68 at 4). The Defendants previously served a subpoena duces tecum on *The Telegraph* in September 2011, requesting that the newspaper produce certified copies of photographs of the accident scene and any news articles related to the subject accident. (Doc. 68-2). *The Telegraph* responded by attaching a copy of the February 6, 2010, article and the accompanying photograph published in *The Telegraph*'s online edition. (Doc. 68-3). The Defendants now seek to "depose Grant Blankenship as relates to this initial document request in an effort to determine his knowledge of the whereabouts of additional photos, as well as his knowledge of the locations of the vehicles upon his arrival at the scene, his observations of the damages sustained by vehicles, and the

content of the photographs taken, even if not preserved." (Doc. 70 at 3). Blankenship contends that the deposition the Defendants seek would require the "disclosure of matters privileged under Georgia law," specifically, the deposition would "violat[e] the newsgathering privilege of O.C.G.A. § 24-5-508." (Doc. 68 at 1-2). The Court agrees.

Georgia's law of privilege controls in this case. "In a diversity action, therefore, 'state law governs the privileged nature of materials sought in discovery.'" *Tindall v. H&S Homes, LLC*, 2010 WL 4814371, * 1 (M.D. Ga.) (quoting *In re Fink*, 876 F.2d 84, 85 (11th Cir. 1989)). Georgia's statutory news gathering privilege provides:

> Any person, company, or other entity engaged in the gathering and dissemination of news for the public through any newspaper, book, magazine, radio or television broadcast, or electronic means shall have a qualified privilege against disclosure of any information, document, or item obtained or prepared in the gathering or dissemination of news in any proceeding where the one asserting the privilege is not a party, unless it is shown that this privilege has been waived or that what is sought:
>     (1) Is material and relevant;
>     (2) Cannot be reasonably obtained by alternative means; and
>     (3) Is necessary to the proper preparation of the case of a party
>         seeking the information, document, or item.

O.C.G.A. § 24-5-508.[1] Georgia's news gathering privilege extends "to protect against the disclosure of any information obtained or prepared" in the gathering or dissemination of news. *In Re Paul*, 270 Ga. 680, 686, 513 S.E.2d 219, 224 (1999). Thus, if the Defendants wish to depose Blankenship, the Defendants must show that Blankenship either waived the news gathering privilege or that the information sought falls within the scope of the three-prong statutory exception to the privilege.

Here, the Defendants argue that Blankenship waived his privilege because *The Telegraph* produced without objection the photograph and article published online in the newspaper's response to the Defendants' subpoena. (Doc. 70 at 2-3). Blankenship

---

[1] Section 24-5-508 was previously codified, in substantially similar form, at O.C.G.A. § 24-9-30.

responds, first, that *The Telegraph*, not Blankenship, responded to the subpoena regarding materials sought by the Defendants.  Thus, there can be no argument that *The Telegraph*'s actions—responding to the subpoena with a previously published article and photograph—constitute waiver of Blankenship's news gathering privilege.  Further, Blankenship argues that even if *The Telegraph*'s actions were "construed as the voluntary and intentional acts of Blankenship," there still has been no waiver of the news gathering privilege under these facts.  (Doc. 79 at 4)

Though "waiver may occur when the news person publishes the confidential information or voluntarily testifies," "publication of part of the information gathered does not waive the privilege as to all of the information gathered on the same subject matter." *In Re Paul*, 270 Ga. at 686, 513 S.E.2d at 224.  If this conduct waived privilege it "would chill the free flow of information to the public."  *Id.* (internal citation and quotations omitted).  Here, *The Telegraph*'s response to the Defendants' subpoena duces tecum provided the Defendants with copies of the published article and picture relating to the accident.  Even assuming that *The Telegraph*'s actions can be construed as acts of Blankenship, *The Telegraph*'s disclosure of the published article and picture do not constitute waiver.  Disclosure of part of the information gathered does not waive Blankenship's news gathering privilege regarding all the information gathered on the accident.  Thus, Blankenship did not waive the news gathering privilege against disclosure of additional pictures and information obtained in preparation of the news article regarding the accident.

Because Blankenship did not waive his news gathering privilege, the remaining exception to the privilege is the three-prong statutory exception.  To overcome the news

gathering privilege based on the statutory exception, the Defendants would have to show that the information they seek from Blankenship is material and relevant, cannot reasonable obtained by alternative means, and is necessary to the proper preparation of the case.  O.C.G.A. § 24-5-508 (1)-(3).  While the Defendants make no effort to address, specifically, the three-prong statutory exception to the news gathering privilege, they do argue that the information they seek from Blankenship is necessary to rebut a potential spoliation charge.  However, despite the Defendants' contention, the Court is not convinced that the information they seek from Blankenship is material and relevant.  The Defendants have not shown that the information could not reasonably be obtained by alternative means.  Further, though it relates to a possible spoliation charge, it is unclear whether Blankenship's testimony is necessary to the proper preparation of the case.  Thus, the Court finds that the information the Defendants seek from Blankenship does not fall into the three-prong statutory exception to the news gathering privilege.

Accordingly, the information and photographs the Defendants seek from Blankenship are protected by the news gathering privilege, and Blankenship's Motion to Quash is **GRANTED**.

**SO ORDERED**, this 9th day of April, 2013.

                                                    S/ Marc T. Treadwell
                                                  MARC T. TREADWELL, JUDGE
                                                  UNITED STATES DISTRICT COURT